DANIEL J. MEAD, Appellant, *v.* THE STATE OF NEW YORK, Respondent.

Third Department, July 7, 1921.

**Highways — State highway maintained under patrol system — surface waters — action to recover damages caused by flooding plaintiff's land — negligence not shown in construction of culvert.**

In an action to recover damages suffered by plaintiff through the flooding of his land, based on the claim that the defendant negligently elevated the bottom of a drain under a State highway maintained under the patrol

system, to a point where it would not take care of the surface waters, evidence examined, and *held*, that there was no evidence which justified a finding of negligence in the construction of the culvert or that there was anything in the experience of the locality, recent or remote, to indicate that the culvert, which superseded an old one, was not entirely adequate for any fall of water that was to be anticipated.

While it is true that a person constructing a dam or culvert should construct it in such a manner as to resist such extraordinary floods as may be reasonably expected occasionally to occur, it is a question for the triers of fact to determine whether a flood of an extraordinary character was such that it should have been anticipated and provided against.

APPEAL by the claimant, Daniel J. Mead, from a judgment of the Court of Claims in favor of the defendant, entered in the office of the clerk of said court on the 13th day of October, 1920, dismissing the claim of the claimant.

*Young & Young* [*W. C. Young* of counsel], for the appellant.

*Charles D. Newton, Attorney-General* [*Carey D. Davie, Deputy Attorney-General,* of counsel], for the respondent.

WOODWARD, J.:

The claimant is the owner of a field on which he attempted to raise potatoes in the year 1915. It is the claimant's theory that the State of New York, in constructing a culvert under one of its improved highways, maintained under the patrol system, negligently elevated the bottom of the drain to a point where it would not take care of the surface waters, and that his crop of potatoes was ruined in the year mentioned by reason of the water remaining upon the surface of a considerable part of his field. The learned Court of Claims has made findings of fact and conclusions of law, and dismissed the claim for damages. The claimant appeals.

While the claimant insists that the findings are either not supported by evidence, or are made against the weight of evidence, we are unable from an examination of the record to reach a like conclusion. It is, of course, for the claimant to establish his case by evidence calculated to convince the court, and while some of the evidence is of a negative character we find no fact which is not at least a fair inference from the evidence presented to the court. The claimant, for instance,

claims that there is absolutely no evidence to support the finding of fact that the rainfall at the time of the inundation was unusually heavy, but the claimant himself testified on his direct examination, in answer to the question by his counsel, that only once prior to the year 1915 had his crops been destroyed by excessive water by flood, while the record shows that the culvert was erected in 1908, so that there was a period of six or seven years in which there had been no excessive water doing damage by flood, and the inference is justified that where no damages had resulted in that time from excessive water the condition in 1915 might have resulted from an unusually heavy rain; and while it is probably true that a party constructing a dam or culvert should construct it in such a manner as to resist such extraordinary floods as may be reasonably expected occasionally to occur, it is a question for the jury, or the triers of fact, to determine whether a flood of an extraordinary character was such that it should have been anticipated and provided against. (*New England Brick Co.* v. *State of New York,* 151 App. Div. 274, 277, and authorities there cited.) Here the evidence is to the effect that there was a rainfall of five and six-tenths inches of water in that vicinity within the period of eight days, which was an unusually heavy rainfall in that neighborhood. The claimant testified that he had been conducting the premises for a period of thirty years, and that only once in that time had there been a flood when the field was planted, and that this was twelve or fourteen years ago, though he was unable to fix the time. How extensive the flood was, whether it was produced by a heavy rain or a blocking of the watercourse in some manner, does not appear; and the explanation of the claimant in his reply brief, unsupported by any testimony in the record to which attention is called, that "we do know that, in the usual rotation of crops, the claimant had this land seeded to grass during these years [from 1908 to 1915] so there were no crops to be destroyed by an overflow," is hardly conclusive upon any issue of fact. There is no evidence in the case which could justify a finding of negligence in the construction of this culvert; no evidence from which a jury would be justified in finding that there was anything in the experience of that locality, recent or remote, to indicate that the culvert,

which superseded an old one, was not entirely adequate for any fall of water which was to be anticipated. The evidence fairly supported the conclusion that the present culvert had at least as great a capacity as the one which preceded it, and the one prior flood is not sufficiently described to warrant any conclusion that it gave any indication of inadequacy in the culvert then existing.

The truth is that whatever the real facts may be; whatever counsel for the claimant believes them to be; the record does not disclose them in such a light as to warrant this court in reversing the findings made by the tribunal specially authorized to pass upon the facts.

The judgment should be affirmed.

Judgment unanimously affirmed, with costs.